## NEW HOME SEWING MACH. CO. v. MARCH.

### No. 12930.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 13, 1934.

W. C. Shults, of Decatur, for appellant.

M. A. Bryan and Benson & Benson, all of Bowie, for appellee.

POWER, Justice.

Appellant instituted suit in the district court against J. B. March on two contracts; said contracts being signed orders by the said J. B. March and directed to the New

Home Sewing Machine Company, appellant corporation, ordering a certain number of sewing machines and agreeing to pay therefor at a specified price and binding appellee to the terms of said contracts. Among other things stated in the contracts was a statement as follows: "It is understood that no conditions agreed to by any salesman or agent and not embodied herein will be in any way binding on The New Home Sewing Machine Company, and it is understood and agreed that The New Home Sewing Machine Company shall not be in any way liable under any separate or collateral agreement made between the undersigned and its salesman."

Appellee answered plaintiff's petition to the effect that appellant's agent, J. R. Toole, came to appellee's place of business and proposed that he would ship on behalf of appellant company certain sewing machines described in said contracts, and that appellee agreed with the said J. R. Toole, acting as a representative of the appellant company, that said machines would be shipped to appellee at Nocona, Tex.; that appellant would furnish experienced salesmen to sell said machines at a specified retail price to the retail trade, and that appellee would not be responsible for the purchase of the machines and was not purchasing same, but that appellee would receive the difference between the wholesale price of said machines and the retail price less a commission to be paid to said salesmen; that appellant desired only to handle the sale of such machines through the name and business establishment of appellee, due to the fact that appellee's acquaintance with the people residing in the Nocona trade territory would lend a great deal of assistance, and that any unsold machines would be taken up by appellant; that this offer was accepted and agreed to by appellee; that, subsequent to the agreement between the said Toole representing appellant company and appellee, the said Toole presented appellee a paper which later proved to be the orders or contracts sued upon, and represented to appellee that said paper contained only a list of the machines to be shipped by said appellant, and represented further that said paper did not contain any terms or conditions contrary to or different from the agreement entered into by appellant and appellee, and at the time he so presented said paper to appellee the said Toole suggested that it need not be read by appellee for the reason that it was only a list of the machines to be shipped, and immediately after this

appellee signed same without reading it, and alleges further in substance and effect that said representations were made for the purpose of inducing appellee to sign said contracts, and that he would not have signed same had he read same and known the contents thereof.

Evidence was introduced sustaining appellee's plea, and the trial court rendered judgment denying the relief sought by appellant and entered his finding to be as pleaded and proved; said finding being to the effect that appellee was induced to sign and deliver said written instruments or contracts without reading the same because of the conduct of said Toole, the agent of appellant company, and the false representations made by the said Toole, and further that the minds of the parties never met on the terms of the written contracts, and that the only agreement upon which the minds of the parties met were the parol agreements as pleaded and proved by appellee, and definitely finds all of the facts to be as pleaded and proved by appellee, and there is evidence fully sustaining appellee's allegation.

This court, in the case of Ten-Cate v. First Nat. Bank of Decatur, 52 S.W.(2d) 323, in discussing a contract made by the bank with Ten-Cate, which contract was signed after representations were made by the agent that said contract was in compliance with an agreement made between the agent and the bank orally and was signed by the officials of the bank without reading same, relying upon the representations of the agent, held that fraud is deducible from artifice and concealment, as well as from affirmative conduct of a character to deceive, and quotes from the following authorities:

Texas Jurisprudence, vol. 10, p. 99: "Where one party, by false statements, induces the other to sign the contract without reading it, it does not lie in his mouth to say that his opponent was negligent in that he had the means of learning the truth, and should have done so,—the instrument may be avoided."

22 Corpus Juris, pp. 1215–1217: "It is well established that fraud vitiates anything which it touches. Parol evidence is always admissible to show, for the purpose of invalidating a written instrument, that its execution was procured by fraud, or that, by reason of fraud, it does not express the true intention of the parties. The rule in this respect is not rendered inapplicable by the fact that the writing contains a recital to the effect that all agreements between the

parties are contained therein, or a provision that no verbal agreements affecting its validity will be recognized."

The pleadings of appellee, the evidence introduced under such pleadings, and the findings of the court under authority of the case cited, are such that it is the opinion of this court that the case should be affirmed, and it is so ordered.